**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FANNIE MAE** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | **NO. 25-3484** |
| | : | |
| **CRESHEIM VALLEY REALTY** | : | |
| **CO., L.P.** | : | |
| | : | |

**MEMORANDUM OPINION**

**Henry, J.**                                                                                    **May 4, 2026**

This case is before the Court on Plaintiff Fannie Mae's Motion for Summary Judgment

(ECF No. 36) ("Mot.") in mortgage foreclosure as against Defendant Cresheim Valley Realty Co.,

L.P. (the "Borrower-Defendant") and Plaintiff's Motion to Deem the Motion for Summary

Judgment as Unopposed and Fully Briefed (ECF No. 37).[1]

## I.   BACKGROUND

The material facts of the case involve the events of default upon a Loan Agreement secured

by a Mortgage by the Borrower-Defendant and guaranteed by the Borrower-Defendant's key

principal, Philip Pulley, as detailed below.

---

[1] The Motion to Deem the Motion for Summary Judgment as Unopposed and Fully Briefed is denied as moot. Following an initial pretrial conference in this case, the Court entered a scheduling order dated September 29, 2025 (ECF No. 24) which set the deadline for motions for summary judgment as February 27, 2026, oppositions to motions for summary judgment as March 27, 2026, and reply briefs in further support of motions for summary judgment as April 10, 2026. Plaintiff filed its Motion for Summary Judgment on December 22, 2025, well before the motion deadline. Then, on January 16, 2026, Plaintiff filed its Motion to Deem the Motion for Summary Judgment as Unopposed and Fully Briefed, noting that Defendant did not respond to the Motion for Summary Judgment within the requisite fourteen days as required by the Eastern District of Pennsylvania's Local Rule 7.1(c). Defendant did not respond to that Motion either, nor did it respond to the Motion for Summary Judgment by the deadline originally set forth in this Court's Scheduling Order. Just because Plaintiff filed its Motion for Summary Judgment early does not mean the Scheduling Order this Court entered was implicitly amended to shift Defendant's response deadline earlier. That being said, because Defendant did not respond to the Motion for Summary Judgment by its actual filing deadline, the Motion for Summary Judgment is deemed actually unopposed. Plaintiff's Motion to Deem its Motion for Summary Judgment as Unopposed and Fully Briefed is thus denied as moot.

### A.  The Loan

The Loan Agreement at issue here originated in June 2021 when Orix Real Estate Capital, LLC, doing business as Lument Capital (the "Original Lender") loaned $4,856,000.00 (the "Loan") to Borrower-Defendant.  *See* ECF No. 56-1 ("Plaintiff's Statement of Undisputed Material Facts") ("SOF") at ¶ 13; Ex. C-1.  The Loan is evidenced by a Note and secured by a Mortgage granted by the Borrower-Defendant and Mr. Pulley to the Original Lender.  *Id.* at ¶¶ 14-15; Exs. C-2, C-3.  The Loan was recorded with the Philadelphia, Pennsylvania Records Department.  *Id.* at ¶ 16.  The Original Lender subsequently assigned all right, title, and interest in the Mortgage and the Loan Documents to Plaintiff.  *Id.* at ¶¶ 20-21; Exs. C-7, C-8.

Section 11.02(b)(1) of the Loan Agreement provides that the Borrower-Defendant "shall not Transfer, or cause or permit a Transfer of, all or any part of the Mortgaged Property (including any interest in the Mortgaged Property)" other than certain enumerated permitted transfers.  *See id.* at ¶ 27; Ex. C-1 at § 11.02(b).  One of the enumerated permitted transfers is "a lien permitted pursuant to Section 11.02(a) of [the] Loan Agreement."  *Id.*  Section 11.02(a) in turn provides that Borrower-Defendant "shall not permit the grant, creation, or existence of any Lien, whether voluntary, involuntary, or by operation of law, on all or any portion of the Mortgaged Property (including any voluntary, elective, or non-compulsory tax lien or assessment pursuant to a voluntary, elective, or noncompulsory special tax district or similar regime)," other than those meeting specific exceptions, including "any tax lien, municipal lien, utility lien, mechanics' lien, materialmen's lien, or judgment lien against the Mortgaged Property if bonded off, released of record, or otherwise remedied to Lender's satisfaction within sixty (60) days after the earlier of the date Borrower has actual notice or constructive notice of the existence of such lien."  *Id.* at ¶ 28; Ex. C-1 at § 11.02(a)(2)(A).  Section 14.01(a)(6) of the Loan Agreement provides that an

automatic Event of Default occurs upon "the occurrence of any Transfer not permitted by the Loan Documents." *Id.* at ¶ 29; Ex. C-1 at § 14.01(a)(6).

Section 8.02(b) of the Loan Agreement provides that the Borrower-Defendant is required to adhere to certain financial reporting obligations. *Id.* at ¶ 35; Ex. C-1 at § 8.02(b). If the Borrower-Defendant fails to comply with those reporting obligations, the Lender provides Borrower-Defendant with written notice of such a condition, and within thirty days of such notice, the condition is not cured, that also constitutes an Event of Default pursuant to Section 14.01(c) of the Loan Agreement. *Id.* at ¶ 36; Ex. C-1 at § 14.01(c).

Section 14.02(a) of the Loan Agreement provides that upon an Event of Default, "the entire unpaid principal balance of the Mortgage Loan, and Accrued Interest, interest accruing at the Default Rate, the Prepayment Premium (if applicable), and all other Indebtedness, at the option of Lender, shall immediately become due and payable, without any prior written notice to Borrower, unless applicable law requires otherwise (and in such case, after any required written notice has been given)." *Id.* at Ex. C-1, § 14.02(a).

### B. The Events of Default

In its Motion, Plaintiff submits that Borrower-Defendant permitted multiple liens to attach to the Mortgaged Property, including municipal liens filed by the City of Philadelphia Water Revenue Bureau and a judgment entered against Borrower-Defendant on November 6, 2024 by the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania in favor of individuals Kendra and Kevin Best. Mot. at 9-10; SOF at ¶ 30; Exs. C-11, C-12. As of October 2025, none of the liens had been bonded off, released of record, or otherwise remedied. SOF at ¶¶ 32-33.

Additionally, Plaintiff says, as of April 2025, Borrower-Defendant did not provide Plaintiff with certified true, complete, and accurate copies of several financial documents, including: (1) a

3

statement of income and expenses for Borrower-Defendant on a year-to-date basis at the end of each calendar quarter within forty-five days after the end of each 2024 calendar quarter; (2) upon Plaintiff's written request, a rent schedule for the Mortgaged Property showing the name of each tenant and their space occupied, the lease expiration date, the rent payable for the current month, the date through which rent had been paid, and related information; (3) a property management or leasing report for the Mortgaged Property showing the number of rental applications received from tenants or prospective tenants and deposits received from tenants or prospective tenants; (4) a statement of income and expenses for Borrower-Defendant's operation of the Mortgaged Property on a year-to-date basis as of the end of each month for such period as requested by Plaintiff, within thirty days after the end of the month; (5) a copy of a statement of real estate owned directly or indirectly by Borrower-Defendant and Guarantor for periods requested by Plaintiff within thirty days after the end of the month; (6) a statement that identifies the direct owners of Borrower and their respective interests; (7) a statement that identifies the indirect owners and any non-member managers of Borrower-Defendant that control Borrower-Defendant, excluding any publicly-held corporations or publicly-held trusts, and their respective interests; (8) a statement that identifies the indirect owners of Borrower-Defendant that hold twenty-five percent or more of the ownership interests in Borrower-Defendant, excluding any publicly-held corporations or publicly-held trusts, and their respective interests.  Mot. at 11-12; SOF at ¶¶ 38-45.

On April 18, 2025, Plaintiff provided a Notice of Default to the Borrower-Defendant.  The Notice informed Borrower-Defendant that it

> [had] violated Section 11.02(b)(1) of the Loan Agreement by allowing an impermissible Transfer . . . to occur on the Property.  Borrower has permitted multiple liens to attach to the Property. . . .  Borrower's allowance of an impermissible Transfer constitutes an automatic Event of Default under Section 14.01(a)(6) of the Loan Agreement.  Lender notes further that Borrower has failed to comply with its financial reporting obligations under Section 8.02(b) of the Loan Agreement.  Borrower's failure to comply with its financial reporting obligations

under Section 8.02(b) of the Loan Agreement for a period of thirty (30) days from the date of this letter shall constitute a further Event of Default under Section 14.01(c).

*See* SOF; Ex. C-10.

Plaintiff alleges that Borrower-Defendant did not comply with its financial reporting obligations within thirty days of the Notice of Default, as required by Section 8.02(b) of the Loan Agreement, nor did it deliver to Plaintiff all books and records related to the Mortgaged Property and its operation.  Mot. at 12-13; SOF at ¶¶ 46-47.

### C.  Procedural Posture

Plaintiff filed the Complaint in this case on July 8, 2025, *see* ECF No. 1, and the next day, a Motion for the Expedited Appointment of a Receiver, *see* ECF No. 5, which the Court granted as unopposed on August 19, 2025, appointing Trigild IVL ("Trigild") as Receiver, *see* ECF No. 15.  Borrower-Defendant filed its Answer to the Complaint on August 15, 2025.  *See* ECF No. 14. It then filed a Motion for Reconsideration of the Court's order appointing Trigild as Receiver on September 2, 2025.  *See* ECF No. 19.  Its primary argument was that Trigild had a history of diminishing the value of properties it oversaw.  *Id.*  Plaintiff opposed the Motion, *see* ECF No. 22, and the Court held an evidentiary hearing on the Motion on October 22, 2025 and denied the Motion for Reconsideration on November 4, 2025, *see* ECF No. 32.

Plaintiff filed the present Motion for Summary Judgment on December 22, 2025. Borrower-Defendant has not opposed the Motion, and it is now ripe for my consideration.

## II.  <u>ANALYSIS</u>

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To succeed in a mortgage foreclosure proceeding, Plaintiff must show "the existence of an obligation secured by a mortgage, and a default on that obligation."  *JPMorgan Chase Bank,*

*N.A. v. Franco*, No. 19-cv-3851, 2023 WL 2025045, at \*4 (E.D. Pa. Feb. 15, 2023) (quoting *Chem. Bank v. Dippolito*, 897 F. Supp. 221, 224 (E.D. Pa. 1995)).  "[S]ummary judgment is proper if the mortgagors admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Id.* (quoting *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998)).

"When a summary judgment motion is uncontested, the non-responding party does not lose the summary judgment motion by default." *Hitchens v. Cnty. of Montgomery*, 98 F. App'x 106, 110 (3d Cir. 2004).  Instead, "[b]y failing to respond, . . . 'the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion.'"  *B&B Fin. Servs. LLC v. Kallock*, No. 05-cv-1277, 2006 WL 2869529, at \*1 (E.D. Pa. Oct. 4, 2006) (quoting *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003)).  Thus, I will conduct a merits analysis of Plaintiff's Motion for Summary Judgment, accepting the facts as set forth in the Motion as true.

Plaintiff argues in its Motion that summary judgment is proper because there is no dispute that (1) obligations secured by the Mortgages exist; (2) the Borrower-Defendants defaulted on such obligations; and (3) the Borrower-Defendant has not cured its defaults under the Loan Documents, and the indebtedness under the Mortgage remains due and owing.  *See* Mot. at 7. Plaintiff first contends that obligations secured by the Mortgage exist because Original Lender assigned to Plaintiff all right, title, and interest in the Mortgage and Loan Document, the Mortgage secures the Loan in the original principal amounts of $4,856,000.00, and Borrower-Defendant does not question the authenticity of the Loan Agreement, the Note, the Mortgage, or the other Loan Documents.  *See* Mot. at 7-8.  Plaintiff also submits that the Borrower-Defendant defaulted by permitting multiple liens to attach to the Property and failing to comply with certain reporting requirements.  *Id.* at 9-13.  Finally, Plaintiff says, the Borrower-Defendant has not paid the entire

6

unpaid balance of the principal, interest, and all other sums under the Loan Documents that became immediately due and payable when Plaintiff accelerated the outstanding principal balance. *See id.* at 13-14. As of December 1, 2025, Plaintiff says, the total amount due and owing on the Loan is at least $4,832,218.87.[2]

Because Defendant has "waive[d] the right to respond to or to controvert the facts asserted in [Plaintiff's] summary judgment motion" by failing to file a response, *see B&B Fin. Servs. LLC*, 2006 WL 2869529, at *1, and because the exhibits to the Motion support Plaintiff's assertions that (1) obligations secured by the Mortgages exist; (2) the Borrower-Defendants defaulted on such obligations; and (3) the Borrower-Defendant has not cured its defaults under the Loan Documents, and the indebtedness under the Mortgage remains due and owing, as required to succeed on a Motion for Summary Judgment in a mortgage foreclosure action, *see JPMorgan Chase Bank, N.A.*, 2023 WL 2025045, at *4, I grant Plaintiff's Motion for Summary Judgment. *See Amerco Real Est. Co. v. Appalachian Self-Storage, LLC*, No. 11-cv-1166, 2012 WL 3597189, at *7 (M.D. Pa. Aug. 20, 2012) ("[W]here there is no dispute that the mortgagor has failed to pay its obligations under the mortgage and the recorded mortgage is in a specified amount, then summary judgment is appropriate.").

## III.    CONCLUSION

For the reasons discussed above, I grant Plaintiff's Motion for Summary Judgment. Plaintiff's Motion to Deem the Motion for Summary Judgment as Unopposed and Fully Briefed is denied as moot. An appropriate Order follows.

---

[2] This consists of (i) the aggregate unpaid principal, interest, fees, costs, expenses, and advances due under the Note of $4,790,482.81, and (ii) Fannie Mae's attorney costs in an amount of $41,736.06. Mot. at 13-14.