**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FANNIE MAE** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  25-3484** |
| | : | |
| **CRESHEIM VALLEY REALTY CO., L.P.** | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW**, this 4th day of May, 2026, upon review of Plaintiff Fannie Mae's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56 (ECF No. 36)[1], Defendant Cresheim Valley Realty Co., L.P.'s lack of response thereto, and Plaintiff's Motion to Deem Motion for Summary Judgment Unopposed and Fully Briefed (ECF No. 37), it is hereby **ORDERED** as follows:

1.      The Motion for Summary Judgment is **GRANTED**.

2.      *In rem* judgment of mortgage foreclosure is hereby entered in favor of Fannie Mae against Borrower-Defendant, in the amount of not less than $4,832,218.87 consisting of:

   a. as of December 1, 2025: (i) the aggregate unpaid principal, interest, fees, costs, expenses, and advances due under the Note of $4,790,482.81, and (ii) Fannie Mae's attorney costs in an amount of $41,736.06; and

   b. an amount equal to all sums that may be advanced by Fannie Mae hereafter pursuant to the Loan Documents, including any amounts that Fannie Mae may advance under the terms of the Receivership Order. Interest, fees, and expenses

---

[1] Terms used but not defined herein have the meaning set forth in the Motion for Summary Judgment.

continue to accrue pursuant to the terms of the Loan Documents until the day the Mortgaged Property is sold in accordance with this Order.

c. The Mortgaged Property (including the personal property (as described in the Complaint)) shall be sold at public auction by the U.S. Marshal in accordance with applicable law.

d. Plaintiff shall be entitled to update the amounts due and owing under the Loan Documents prior to the public auction and use its current indebtedness for purposes of bidding at the public auction.

e. Plaintiff, its successors and/or assigns or any purchaser at the foreclosure sale shall duly recover against Borrower-Defendant and all parties holding by, through or claiming under Borrower-Defendant, possession of the Mortgaged Property mentioned and described in the Complaint with the appurtenances thereon.

3. This Judgment shall not preclude or otherwise prohibit, hinder or limit Plaintiff's ability to exercise all rights against Guarantor at law or in equity in regard to any deficiency related to the foreclosure of the Mortgaged Property as set forth in the applicable Loan Documents.

4. The Motion to Deem Motion for Summary Judgment Unopposed and Fully Briefed is **DENIED** as moot.

**BY THE COURT:**

/s/ Catherine Henry

**CATHERINE HENRY, J.**